**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 13 |
|  | ) | Case No. 09-44185-MSH |
| JOHN C. SKALTSAS | ) |  |
| CHERYL A. SKALTSAS | ) |  |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |
| LAW OFFICES OF ROBERT J. CARNAVALE, P.C., | ) |  |
|  | ) | Adv. Pro. No. 10-4011 |
| Plaintiff | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| JOHN C. SKALTSAS CHERYL A. SKALTSAS, | ) |  |
|  | ) |  |
| Defendants. |  |  |

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The plaintiff has moved for summary judgment against the *pro se* defendants, who are the debtors in the main case, and seeks both a judgment in the amount of $55,000 arising from Cheryl A. Skaltsas' alleged embezzlement of funds while she was employed by the plaintiff and an order denying the debtors their discharges under 11 U.S.C. § 727.[1]  The sole basis for plaintiff's motion is that because the debtors' failed to answer requests for admissions propounded to them by the plaintiff, the matters set forth in the requests are deemed admitted under Fed. R. Civ. P. 36(a), made applicable to this proceeding by Fed. R. Bankr. P. 7036.

---

[1] No specific subsection of § 727 is identified in the plaintiff's complaint.

The complaint reflects a profound misunderstanding of the Bankruptcy Code. The complaint incorrectly pleads that the debtors' case is one under Chapter 7 of the Bankruptcy Code. It is not. The debtors filed a joint voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, and the case has not been converted. Therefore § 1328, not § 727, governs the debtors' right to a discharge.[2] Section 1328(c)(2) prohibits the discharge of a debt that is not dischargeable under § 523(a), which includes a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). Assuming that the plaintiff is able to amend its complaint to properly plead a basis for excluding plaintiff's claim from the debtors' discharge, the plaintiff's motion for summary judgment still should not be granted on the current record.

As noted, the sole basis for the motion for summary judgment is the debtors' deemed admissions resulting from their failure to respond to plaintiff's requests for admissions. The requests for admissions significantly expanded the allegations in the complaint. For example, the only allegations in the complaint against Mr. Skaltsas are that he is married to Ms. Skaltsas and that during the relevant period, the debtors maintained a joint checking and/or savings account and that both made deposits and withdrawals from the account. Complaint at ¶¶ 12 and 13. In their answer the debtors admit their marital status but deny the remaining allegations. The request for admissions directed at Mr. Skaltsas asks that he admit that he knew of and encouraged his wife's embezzlement of funds from her employer. In their opposition to the motion for summary judgment, the debtors deny that Mr. Skaltsas knew about his wife's behavior. In fact Mr. Skaltsas

---

[2] Even if the main case were a Chapter 7, the complaint utterly fails to identify what specific ground under § 727 would be the basis for denying the debtors' discharge.

2

alleges that when he discovered his wife's behavior, he actually contacted the plaintiff to try to arrange for repayment of the debt.[3]

Ordinarily the failure of a party to respond to a request for admissions within thirty days after the request is served results in the deemed admission of the matters in the request. Fed. R. Civ. P. 36(a)(3), made applicable by Fed. R. Bank. P. 7036. The rule promotes efficiency by avoiding the need to prove facts that are not in dispute. It eliminates the necessity of proving essentially undisputed and peripheral issues of fact. *Citibank (S.D.), N.A. v. Savage (In re Savage)*, 303 B.R. 766, 772 (Bankr.. D. Md. 2003) (internal quotation marks and citation omitted). Here, the facts which the defendants were asked to admit are central to the plaintiff's cause of action and, at least with regard to Mr. Skaltsas, but for the deemed admissions, the plaintiff's adversary proceeding against him would be devoid of any merit. Moreover, the requests for admissions do not inform the *pro se* defendants that their failure to file responses within thirty days would result in the requests being treated as admitted. *Taylor-Shaw v. Bestway Rent to Own*, 2010 WL 1416536 at *5 (E.D. Ark. 2010). Depriving the debtors of their right to contest the non-dischargeability of the plaintiff's claim due to a failure to respond to requests for admissions is too harsh a remedy in the circumstances of this case. *See In re Milhem*, 2007 WL 2815982 at *1 (Bankr. D. Mass. 2007).

Rule 36(a)(3) permits the Court to extend the time for responding to a request for admissions. Had the plaintiff filed a complaint stating a cause of action appropriate in a Chapter

---

[3] The plaintiff alleged that it is owed $55,000, which the debtors denied in their opposition to the summary judgment motion. In that opposition, they state that they have made payments to the plaintiff on account of the debt and allege that they believe the plaintiff has intentionally failed to give them credit with the payments they have made.

13 case, I would have extended the time for the defendants to respond to the propounded requests. Since at present plaintiff's complaint does not lie in Chapter 13, however, I will dismiss the adversary proceeding unless the plaintiff files a motion to amend the complaint within 30 days of the date of this order. If a motion is filed and allowed, the defendants shall file an answer to the amended complaint within 14 days after it is served on them and file responses to the plaintiff's requests for admissions within 30 days after the amended complaint is served on them.

A separate order will issue.

Dated: June 22, 2011                                                        By the Court,

                                                                            /s/ Melvin S. Hoffman
                                                                            _____
                                                                            Melvin S. Hoffman
                                                                            U.S. Bankruptcy Judge

Counsel appearing:   Andrew D. Myers, Law Offices of Andrew D. Myers,
                     North Andover, MA
                     For the Plaintiff